United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2003**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals

## for the Fifth Circuit

m 02-41459

ANZEL KEON JONES,

Petitioner-Appellant,

VERSUS

JANIE COCKRELL,

DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent -Appellee.

Appeal from the United States District Court
for the Eastern District of Texas
m 6:99-CV-660

Before HIGGINBOTHAM, SMITH, and
CLEMENT, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Anzel Jones appeals the denial of his petition for writ of habeas corpus sought pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. We affirm.

I.

In 1995, Jones entered the residence of Edith Jones ("the mother"), age 72, and her daughter Sherry Jones ("the daughter"),

age 49.[1] Armed with a gun and a knife, Jones beat and tortured both women, then confined the mother in a closet while he continued to beat the daughter. The mother escaped from the closet and ran for the back door, but Jones caught her before she could escape. He then killed the daughter by stabbing her in the heart and slitting her throat as her mother watched. He raped the mother; then stabbed her in the chest, slit her throat, and set the house on fire. The mother survived by crawling outside the burning house, where a neighbor saw her and called authorities.

Jones's fingerprint was found on a bottle of fingernail polish found in the house; his DNA matched the DNA found in semen swabbed from the mother's mouth; the mother's blood was found on his clothing; and the daughter's blood was found on his shoes. Though the mother could not positively identify Jones because of poor eyesight, she did select his picture from an array of twelve photographs as most resembling her attacker. Joe Dollins, Jones's best friend, testified that Jones had confessed to the crime.

Jones was found guilty of capital murder. At the penalty phase, the jury found that there was a probability that he would constitute a continuing threat to society and that there was insufficient evidence of mitigating circumstances to preclude a death sentence.

## II.

Jones argues that he had ineffective assistance of counsel at trial because, in questioning Dollins, his attorney opened the door to testimony of a collateral offense. Jones's counsel tried to impeach Dollins's testimony that Jones had confessed to the murder, using statements made by Dollins claiming no knowledge of the crime. After introducing the inconsistent statements, counsel asked, "Well, Mr. Dollins, tell this jury what suddenly caused you on the 17th to finally tell the story that you are now telling us is the truth?"

Dollins responded that the police had confronted him with a letter indicating that Dollins and Jones had conspired to kill Dollins's father and brother. On redirect, the court allowed the state to have Dollins read the letter, which described a murder plan in detail, with most of the crime to be carried out by Jones. Dollins also testified that he and Jones had discussed the plan and that Jones was willing to commit the crime.

In the district court, Jones argued that this questioning was ineffective, because counsel could have structured the questions so as to impeach Dollins without opening the door to the letter, and this prejudiced the verdict. The court agreed that Jones's counsel performed deficiently under *Strickland v. Washington*, 466 U.S. 668 (1984), but opined that Jones had failed to meet the second prong of *Washington* requiring a showing of prejudice.

Jones asserts that he has demonstrated prejudice, because the admission of the letter and related testimony eliminated "residual doubt" that Jones was the murderer and supported the state's case that Jones could represent a future danger, both of which might have caused the jury to impose the death sentence. The state argues that Jones did not raise this argument before the district court, that trial counsel's performance was not deficient, and that any error was not prejudicial.

---

[1] Jones was not related to the victims.

### A.

We review the district court's factual findings for clear error and its determinations of law *de novo*. *Evans v. Cockrell*, 285 F.3d 370, 374 (5th Cir. 2002). Jones's petition for habeas relief is governed by the heightened standard of review provided by AEDPA, which "'substantially restricts the scope of federal review of state criminal court proceedings.'" *Id.* (quoting *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000)); *Wiggins v. Smith*, 123 S. Ct. 2527, 2534 (2003). Under the Act,

> neither the district court nor this Court may grant a writ of habeas corpus based solely on a finding of error by a state court. Rather, a writ may be granted only if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than [*sic*] the Supreme Court has on a set of materially indistinguishable facts. Without such a direct conflict, a writ will be granted only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Evans*, 285 F.3d at 374-75 (citations and punctuation omitted).

### B.

The state contends that Jones has never before raised this argument as it relates to the penalty phase, but rather has argued only that the questioning prejudiced the guilt/innocence phase. Jones now disclaims any argument that the Dollins questioning prejudiced the verdict, but does claim that it reduced residual doubt about innocence and supported a finding of future dangerousness sufficient to prejudice the sentencing.

The argument Jones now presents is not properly before us. In his state habeas petition, Jones argued that ineffective cross-examination of Dollins "deprived Applicant of a fair trial in which the jury was to determine his guilt or innocence of the offense changed in the indictment." Jones now contends that although the petition did not address prejudice as it related to sentencing, it also did not "limit the effect of that error to the guilt phase verdict."

In his federal habeas petition, Jones again failed to argue that the prejudice applied to sentencing; rather, he asserted that it "undermined the guilt phase theory that the state's evidence failed to establish that Mr. Jones killed Sherry Jones." None of the words that might imply an argument based on a prejudice to sentencingSSsuch as sentencing, penalty phase, residual doubt, or future dangerousnessSSappears in either petition's discussion of the Dollins questioning.[2]

Jones's contention that the issue was raised in the district court essentially rests on the notion that his previous argument *did not expressly contradict* the argument he now raises. Though this is debatable, we find it beyond question that Jones's petitions before the state

---

[2] In his response to the state's motion for summary judgment, Jones attempted, unconvincingly, to recast his argument as relating to "[r]esidual doubt, or lack of certainty about whether a person actually killed the victim of a capital murder, [which] is often a powerful basis for a jury to decide not to impose death." This marked the first appearance of this argument.

and district courts *did not actually make* the argument. We are precluded from considering the claim, because Jones did not raise it properly before the district court. *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001) (stating that issues not raised in habeas proceedings before the district court cannot be considered on appeal).[3]

Even were we to find that Jones's response to summary judgment was sufficient to raise the argument in the district court, it was also not raised in state court. A claim is procedurally defaulted if a petitioner has failed to exhaust all available state remedies, and the state court to which he would be required to petition would now find that the claim is procedurally defaulted. *Bledsoe v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999). The Texas Code of Criminal Procedure prohibits the filing of subsequent or untimely habeas applications, absent a demonstration of cause or actual innocence. *See* TEX. CODE CRIM. PROC. art 11.071 § 5(a); *Ex parte Davis*, 947 S.W.2d 216 (Tex. Crim. App. 1996) (en banc) (upholding the constitutionality of art. 11.071). Jones does not claim that he meets these exceptions; we find that he cannot, and therefore his claim is procedurally barred.

### III.

Jones argues that the testimony of Royce

---

[3] It is the petitioner's burden under *Washington* to show that trial counsel's errors were so serious that they rendered the proceedings unfair or the result unreliable. *Hopkins v. Cockrell*, 325 F.3d 579, 586 (5th Cir. 2003); *see Wiggins*, 123 S. Ct. at 2535. A petitioner who fails even to indicate that prejudice influenced a given phase of a proceeding cannot be said to have raised the argument with respect to that phase, and much less to have met his burden under *Washington*.

Smithey at the sentencing phase prejudiced his sentencing and denied him his right to an individualized sentencing determination required under the Eighth Amendment, as explicated in *Enmund v. Florida*, 458 U.S. 782 (1982). Smithey testified that a prisoner in another Texas county, serving a life sentence for a capital murder conviction, escaped from a work-release program. Though the Texas Court of Criminal Appeals decided that the evidence was irrelevant to the sentencing determination and should not have been admitted over Jones's objection, it found the admission harmless. The district court held the denial of this claim was "neither contrary to, nor an unreasonable application of, any clearly established federal law," *see Wiggins*, 123 S. Ct. at 2534, and granted summary judgment; in doing so, it addressed Jones's Eighth Amendment argument and found it to be without merit.

Jones challenges this decision, arguing that the decision of the Court of Criminal Appeals was objectively unreasonable "because it failed to take into account the profound effect the prospect of an easy escape would have had on the jurors' assessment of Anzel Jones's future dangerousness." We disagree that the decision was objectively unreasonable.

### A.

We first consider how Jones's failure to exhaust this claim affects our review. On direct appeal before the Court of Criminal Appeals, Jones's claim with respect to this evidence was based entirely on the argument that the evidence was not relevant under TEX. R. CRIM. EVID. 401 and 402 and was prejudicial. His arguments did not touch upon the Constitution generally or the Eighth Amendment particularly, and he did not cite *Enmund* or *any* of the other cases he relies on in his argument

4

before this court. "[W]here petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Henry v. Cockrell*, 327 F.3d 429, 432 (5th Cir. 2003) ) (citations and quotation marks omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts *or that a somewhat similar state-law claim was made*." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citation omitted) (emphasis added).

Though the state has not addressed Jones's failure to exhaust this claim, we raise the issue *sua sponte*, because 28 U.S.C. § 2254(b)-(1)(A) precludes granting a habeas petition unless the state, through counsel, has expressly waived the exhaustion requirement. Although the state has not done so here, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." § 2254-(b)(2).

When we consider a claim that has not been adjudicated on the merits by a state court, our review is governed by *Teague v. Lane*, 489 U.S. 288 (1989). *See Daniel v. Cockrell*, 283 F.3d 697, 702 (5th Cir.), *cert. denied*, 123 S. Ct. 286 (2002). *Teague* held that a federal court may not create or apply new constitutional rules on habeas review. The *Teague* analysis involves three determinations: (1) when the conviction became final; (2) whether a state court considering the federal claim when the conviction became final would have felt compelled by existing precedent to apply the rule the applicant now seeks; and (3) if the applicant seeks to apply a new rule, whether that rule falls within one of the narrow

exceptions to the non-retroactivity principle. *Id.* at 705 (citations omitted). Jones did not petition the Supreme Court for a writ of certiorari on direct appeal, so his conviction and sentence became final in 1999, after the time for filing such a petition had elapsed. *Fisher v. Texas*, 169 F.3d 295, 305 (5th Cir. 1999).

B.

*Enmund* requires, 458 U.S. at 801, that, in death penalty cases, punishment must be tailored to the offender's personal responsibility and moral guilt. *Enmund* forbids the imposition of the death penalty for a defendant "who aids and abets a felony in the course of which a murder is committed by others but who does not himself kill, attempt to kill, or intend that a killing take place or that lethal force will be employed." *Id.* at 797. *In Booth v. Maryland*, 482 U.S. 496, 504, 509 (1987), another case cited by Jones, the Court rejected the requirement of a state statute that the jury consider a victim impact statement, finding that it impermissibly took the focus of sentencing away from the defendant and placed it on "the character and reputation of the victim and the effect on his family" and their "emotionally charged opinions as to what conclusions the jury should draw from the evidence . . ."

Jones argues not that Texas's death penalty procedure is inadequate under the Eighth Amendment,[4] but rather that the improper ad

---

[4] "The Texas capital-sentencing procedure guides and focuses the jury's objective consideration of the particularized circumstances of the individual offense and the individual offender before it can impose a sentence of death." *Jurek v. Texas*, 428 U.S. 262, 274 (1976). With the excep-
(continued...)

mission of evidence within that proceeding inappropriately influenced the jury's determination of future dangerousness in a manner unrelated to his personal responsibility or guilt. This argument is akin to that raised by the petitioner in *Romano v. Oklahoma*, 512 U.S. 1, 10-11 (1994), who argued that the jury's consideration of irrelevant evidenceSSin that case the fact that the petitioner had received a death sentence for a prior, separate murder convictionSS"rendered his sentencing proceeding so unreliable that the proceeding violated the Eighth Amendment." The Court held "[t]hat the evidence may have been irrelevant as a matter of state law, however, does not render its admission federal constitutional error." *Id*. at 10. It rejected the "proposition that the mere admission of irrelevant and prejudicial evidence requires the overturning of a death sentence," affirming the state appellate court's determination that the death penalty was warranted and supported despite the improper admission. *Id*. at 11. Concluding its discussion of the argument, the Court held:

> Petitioner's argument, pared down, seems to be a request that we fashion general evidentiary rules, under the guise of interpreting the Eighth Amendment, which would govern the admissibility of evidence at capital sentencing proceedings. We have not done so in the past, however, and we will not do so today. *The Eighth Amendment does not establish a federal code of evidence* to supersede state evidentiary rules in capital sentencing proceedings.

*Id*. at 11-12 (emphasis added).

Given that the Court found no Eighth Amendment violation in *Romano*, Jones has not demonstrated an Eighth Amendment claim under the facts before us. If anything, the evidence considered here has even fewer Eighth Amendment implications than did that considered in *Romano*.[5] A Texas court considering Jones's federal claim in 1999 would not have felt compelled by existing precedent to find an Eighth Amendment violation, and accordingly we deny the claim.[6]

---

[4] (...continued)
tion of a modification taken by the Texas legislature to respond to *Penry v. Lynaugh*, 492 U.S. 302 (1989), "Texas' death penalty scheme substantively is the same as the one the United States Supreme Court upheld in *Jurek*[.]" *Cockrell v. State*, 933 S.W.2d 73, 92-93 (Tex. Crim. App. 1996).

[5] Though the Court in *Romano* did weigh the prejudice of the remarks against the remaining untainted evidence, it did so when considering the petitioner's alternative argument "that the introduction of the evidence in question violated the Due Process Clause of the Fourteenth Amendment." *Romano*, 512 U.S. at 12-14. Jones has not raised an argument based on the Due Process Clause, and therefore we need not engage in such a weighing.

[6] To the extent that Jones seeks the application of a new rule that extends beyond the mandates or relevant precedent, it plainly would not meet either narrow exception to retroactivity laid out in *Teague*. *See Daniel*, 283 F.3d at 708 ("The two exceptions are for new rules that: (1) place certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe; or (2) are implicit in the concept of ordered liberty.") (quotation marks omitted).

## IV.

Jones contends that the death penalty, as applied to a seventeen-year-old, violates the Eighth and Fourteenth Amendments. The state argues, *inter alia*, that we should affirm the district court, which found the claim procedurally barred because petitioner did not present it to the Court of Criminal Appeals. Jones does not address this holding, and we find nothing in the record to undermine it.[7]

## V.

Jones argues that he had ineffective assistance at trial because counsel failed adequately to develop and present evidence of mental health problems that could have mitigated against a death sentence. Jones admits that the claim is unexhausted, because he failed to raise it in state habeas proceedings, and further concedes that he could not satisfy the state's requirements for filing a second habeas application. *See* TEX. CODE CRIM. PROC. art 11.071 § 5(a). He contends, however, that counsel's failure to raise the issue in his state habeas application, together with the refusal of the Court of Criminal Appeals to allow a second filing, meets the requirements of § 2254(b)(1)(B)(ii), which allows a grant of a writ of habeas corpus where "circumstances exist that render [state corrective] process ineffective to protect the rights of the applicant."

Jones notes that Texas's 1995 Habeas Corpus Reform Act ("Reform Act") provides that "an applicant shall be represented by competent counsel unless the applicant has elected to proceed pro se . . . ." TEX. CODE CRIM. PROC. ART. 11.071 § 2(a). Because

state habeas counsel failed to raise the argument Jones wishes to assert here, Jones reasons that Texas failed to meet its burden to provide competent counsel, and therefore the process was ineffective to protect his rights. The district court rejected this argument and found that it is procedurally barred.

Failure to exhaust under § 2254(b)(1)(B)(i) cannot be excused by arguing that appointed state habeas counsel provided ineffective assistance. *Martinez v. Johnson*, 255 F.3d 229, 240-41 (5th Cir. 2001). Moreover, "failure to provide 'competent' counsel for a state habeas petition does not fall under the general catchall exception provided in 28 U.S.C. § 2254(b)(1)-(B)(ii)." *Id*. at 238 n.10.[8] Jones argues that we provided insufficient reasoning in *Martinez*, suggesting that perhaps the court misunderstood the contention, and urges that we "should fairly address the argument." But, absent "an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Under *Martinez*, Jones's claim is procedurally barred.

---

[7] This argument also is foreclosed by precedent. *See Beazley*, 242 F.3d at 268-69 (citing *Stanford v. Kentucky*, 492 U.S. 361, 370-73 (1989)).

[8] Furthermore, the *statutory* right created in TEX. CODE CRIM. PROC. art. 11.071 § 2(a) relates to "habeas counsel's qualifications, experience, and abilities at the time of his appointment," not "the final product of representation." *Ex parte Graves*, 70 S.W.3d 103, 113-14 (Tex. Crim. App. 2002). Jones's argument rests entirely on state habeas counsel's *inadequate representation* in failing to raise a particular claim; he makes no arguments as to counsel's general *competence*. Therefore, to the extent that Jones's argument rests on the guarantees of the Reform Act, his reliance is misplaced, because we defer to the Court of Criminal Appeals' interpretation of a Texas statute.

AFFIRMED.