United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40492

_____

JASEN SHANE BUSBY

Petitioner – Appellant

v.

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION

Respondent – Appellee

_____

Appeal from the United States District Court
for the Eastern District of Texas
No. 5:02-CV-264
_____

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

KING, Chief Judge:[*]

Petitioner-Appellant Jasen Shane Busby applies for a

certificate of appealability on five issues raised as part of a

petition for a writ of habeas corpus pursuant to 28 U.S.C. §

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

2254.  We deny Busby's request for a certificate of appealability on each contested issue.

I.    FACTS AND PROCEDURAL BACKGROUND

On April 16, 1995, Jasen Busby spent the day with friends Christopher Kelly, Brandy Gray, and Tennille Thompson.  The next day they were joined by another friend, Darrell Smith.  After several hours of partying, Smith and Busby left the trailer where the group was staying.  Shortly thereafter, Busby returned and shot Kelly, Gray, and Thompson; Gray and Thompson died immediately, but Kelly survived.  After Busby and Smith left, Kelly walked to a neighbor's house and reported that Busby had killed two people.  Kelly described Busby and the vehicle which he and Smith had departed in to the police, and Busby was arrested soon afterward.

Busby was indicted on June 20, 1995 for capital murder under Texas Penal Code § 19.03(a)(7)(A).  After a jury trial, Busby was convicted on July 19, 1996.  A week later, after a separate trial on punishment, the jury answered the statutory capital punishment issues such that the trial court sentenced Busby to death.  Busby appealed to the Texas Court of Criminal Appeals, which affirmed his conviction and sentence.  Busby v. Texas, 990 S.W.2d 263 (Tex. Crim. App. 1999).  The Supreme Court denied Busby's petition for certiorari review.  Busby v. Texas, 528 U.S. 1081 (2000).

On November 20, 1998, Busby filed an application in state court for post-conviction relief.  Following a hearing, the court entered findings of fact and conclusions of law and recommended that Busby's request for relief be denied.  The Court of Criminal Appeals adopted the lower court's findings, conclusions, and recommendation.  Ex parte Busby, no. 28,761-01 (Tex. Crim. App. Sept. 13, 2000).

On September 12, 2001, Busby filed a § 2254 petition in the United States District Court for the Eastern District of Texas. Busby raised ten grounds for relief.  While the district court denied Busby's request for relief on all of the issues presented, the court did grant Busby's request for a certificate of appealability (COA) on four of the issues: (1) whether Busby's appellate counsel's decision not to appeal the trial court's denial of Busby's motion to suppress his prison correspondence constituted ineffective assistance of counsel; (2) whether the trial court's denial of Busby's motion to suppress the prison letters violated his First Amendment rights; (3) whether the trial court's denial of Busby's motion for change of venue violated his right to a fair trial; and (4) whether Busby had properly exhausted his change of venue claim.  Busby now seeks a COA on five additional issues raised before that court.

II.  APPLICABLE LAW

Busby filed his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act of

3

1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 326-27 (1997) (stating that the AEDPA applies to all cases pending as of April 24, 1996). The AEDPA requires that Busby obtain a COA before he may receive full appellate review of the district court's denial of his request for habeas relief. 28 U.S.C. § 2253(c)(1)(A) (2000) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.").

We may grant Busby's request for a COA only if he can make a "substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To make such a showing, Busby must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000), cert. denied, 532 U.S. 915 (2001) (quoting Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)). If the district court's denial of some or all of the petitioner's claims rests on procedural grounds, then in order to obtain a COA the petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was

4

correct in its procedural ruling." Slack, 529 U.S. at 484. When considering the petitioner's request for a COA, the ultimate determination turns on "the debatability of the underlying constitutional claim, not the resolution of that debate." Henry v. Cockrell, 327 F.3d 429, 431 (5th Cir. 2003) (quoting Miller-El v. Cockrell, 537 U.S. 322, ___ (2003)).

Our review of whether Busby makes a substantial showing of the denial of a constitutional right is also constrained by the applicable AEDPA standards of review. Moore v. Johnson, 225 F.3d 495, 501 (5th Cir. 2000), cert. denied, 532 U.S. 949 (2001). On questions of law, the state court's conclusions will be disturbed only upon a showing that they were "contrary to, or an unreasonable application of, clearly established" Supreme Court precedent. 28 U.S.C. § 2254(d)(1). In addition, state court findings of fact are presumed correct unless the petitioner rebuts them by clear and convincing evidence. Id. § 2254(e)(1).

III. BUSBY'S CLAIMS ON APPEAL

Busby raises five claims rejected by the district court as potential grounds for a COA: (1) whether the trial court's admission of the prison letters violated his Fourteenth Amendment due process rights; (2) whether the trial court's jury charge concerning the voluntariness of Busby's confession violated his Fourteenth Amendment due process rights; (3) whether the trial court's denial of Busby's request for an expert jury consultant violated his Sixth and Fourteenth Amendment rights to a fair

5

trial; (4) whether the trial court's denial of Busby's request for a drug abuse expert violated his Sixth and Fourteenth Amendment rights to a fair trial; and (5) whether the trial court's failure to instruct the jury concerning parole eligibility violated Busby's Eight Amendment and Equal Protection rights.

A.   Busby's Prison Correspondence and the Fourteenth Amendment

Busby's first claim is that he was denied his Fourteenth Amendment due process rights when the trial court admitted into evidence, over objection, copies of his personal letters written from jail while he awaited trial.[1]  Busby argues that his Fourteenth Amendment rights were violated because the letters were obtained pursuant to "an irrational, arbitrary and capricious procedure" given that whether mail was seized and copied was left to the individual discretion of each prison employee.  Turner v. Safley, 482 U.S. 78, 90 (1987) (holding that prison regulations restricting an inmate's constitutional rights do not violate due process so long as they are reasonably related to a legitimate penological interest, provided that the

---

[1]  In the district court, Busby raised First, Fourth, and Fourteenth Amendment challenges based on the prison's reading and copying of his outgoing mail.  The district court denied relief on all three issues but granted a COA on the First Amendment issue.  Busby has apparently abandoned the Fourth Amendment issue and asserts on application to this court only the Fourteenth Amendment issue.

regulations do not have merely an arbitrary or irrational connection to the interest being served).

The state habeas court found that "reading and copying an inmate's outgoing non-privileged mail serves a valid penological purpose" and thus does not violate the inmate's Fourteenth Amendment due process rights. The district court concluded that this finding was not contrary to, or an unreasonable application of, clearly established law. We do not think that reasonable jurists would find this debatable. The letters involved here concerned threats to witnesses, the trial judge and other inmates, plans for escape, suicidal thoughts, and prison drug use, letters that predictably would attract the attention of jail supervisors. Busby's arguments that the selection of his letters for reading and copying was arbitrary (and, by extension, that the letters should have been suppressed) are meritless. He has failed to make a substantial showing of the denial of a constitutional right, and we decline to issue a COA on this issue.

B.   Jury Instruction on the Voluntariness of Busby's Confession

Busby's second claim is that he was denied due process and the right to a fair trial when the trial court failed to instruct the jury properly on the issue of the voluntariness of his confession. Texas law requires that, once the issue of the voluntariness of a defendant's confession has been raised before

7

the jury, the jury must be charged "generally, on the law pertaining to such statement." TEX. CRIM. PRO. CODE ANN. art. 38.22 § 7 (Vernon 1979). Busby claims that he raised the issue of the voluntariness of his confession on Miranda grounds but that the trial court instructed the jury only on the law as it relates to intoxication and voluntariness. The state habeas court found that there was "no evidence raising the issue of voluntariness of Applicant's confession, only as it related to drug intoxication, which was given."

The district court considered the evidence presented at trial and concluded that the state habeas court's finding that there was no evidence raising the issue of voluntariness in the Miranda context was not unreasonable. Busby presents no new evidence or arguments before this court that would convince us that the district court erred in reaching this conclusion. That (as Busby argues) the confession was "core" to the state's case does not in itself require that the jury be instructed on the voluntariness of the confession. Busby has not shown that he sufficiently raised the Miranda issue at trial to warrant the statutorily required voluntariness instruction.

Busby has failed to demonstrate that jurists of reason would find the district court's resolution of this issue debatable. Therefore, he has not made a substantial showing of the denial of a constitutional right, and we decline to grant a COA on this issue.

8

C.  Busby's Requests for an Expert Jury Consultant and for a Drug Abuse Expert

Busby's third and fourth claims are that the trial court violated his Sixth and Fourteenth Amendment rights by rejecting his requests for appointment of an expert jury consultant and a drug abuse expert.  Ake v. Oklahoma, 470 U.S. 68 (1985) (holding that the Due Process Clause of the Fourteenth Amendment requires the appointment of an expert for an indigent defendant if an expert would be necessary to provide the defendant with the "basic tools" to present a defense). Prior to trial, Busby moved to have these experts appointed, and the trial court, after a hearing, denied the motions.  On direct appeal, the Court of Criminal Appeals concluded that an expert jury consultant was not a "basic tool" of the defense and that the court-appointed psychiatrist was ably qualified to assist and testify as a drug abuse expert.  Busby v. State, 990 S.W.2d at 270-71.

The district court considered the evidence and applicable law and concluded that the state court's findings were not contrary to, or an unreasonable application of, clearly established law.  See, e.g., Moore v. Johnson, 225 F.3d 495, 503 (5th Cir. 2000), cert. denied, 532 U.S. 949 (2001) (rejecting a defendant's claim that the trial court violated Ake by denying his request for a court-appointed expert jury consultant); White v. Johnson, 153 F.3d 197, 202 (5th Cir. 1998) (stating that the

9

denial of a request for a court-appointed expert in violation of
Ake is subject only to harmless error analysis).

Busby presents no new evidence or arguments in this court to
persuade us that the district court erred in its conclusion.
Jurists of reason would not find it debatable whether the
district court properly resolved these issues.  Because Busby has
failed to make a substantial showing of the denial of the
constitutional right to a court-appointed expert, we decline to
grant a COA on either of these issues.

D.   Busby's Request for a Jury Instruction on Parole
     Eligibility

Busby's final claim is that the trial court violated his
Eighth and Fourteenth Amendment rights by instructing the jury
that they were not to consider the possibility of parole during
the sentencing phase of the trial.  Busby argues that, in giving
such an instruction, the court made the jury aware that parole
was a possibility and therefore should have also informed them
that, under the Texas capital sentencing statutes, Busby would
not have been parole eligible for at least forty years.  Busby
contends that he could have used this information to rebut the
government's arguments on the future dangerousness special issue.
See Simmons v. South Carolina, 512 U.S. 154, 156 (1994) (holding
that, where a defendant's future dangerousness is at issue and
the sentencing options are either death or life without the

10

possibility of parole, due process requires that defendant be allowed to inform the jury of his ineligibility for parole).

On direct appeal the Court of Criminal Appeals rejected this claim on the merits. Busby, 960 S.W.2d at 271-72. The district court found that this decision was not contrary to, or an unreasonable application of, clearly established law. See, e.g., Collier v. Cockrell, 300 F.3d 577, 583 (5th Cir.), cert. denied, 123 S.Ct. 690 (2002) (rejecting the applicability of Simmons to the Texas sentencing scheme because Texas provides more sentencing options than death or life without the possibility of parole); Rudd v. Johnson, 256 F.3d 317, 320-21 (5th Cir.), cert. denied, 534 U.S. 1001 (2001) (same).

Busby presents no new arguments to this court calling the district court's conclusion into question. This court has consistently and repeatedly rejected Simmons challenges to the Texas capital sentencing system. Jurists of reason would not find the district court's resolution of this issue debatable. Busby has failed to make a substantial showing of the denial of a constitutional right, and he is therefore not entitled to a COA on this issue.

IV. CONCLUSION

We decline Busby's application for a COA on each of the issues presented.

11