# UNITED STATES of America

v.

## Denis RIVERA Noe David Ramirez–Guardado Luis Alberto Cartagena

### No. CRIM. 02–376–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 13, 2003.

Michael Rich, Ronald Walutes, United States Attorney's Office, Alexandria, VA, for Plaintiff.

Jerome P. Aquino, Robert Lee Jenkins, Jr., Bynum & Jenkins PLLC, John C. Kiyonaga, Kiyonaga And Kiyonaga, Alexandria, VA, Mark S. Thrash, Sher & Cummings, Arlington, VA, Paul P. Vangellow, Falls Church, VA, Lana Marie Manitta, Martin, Arif, Petrovich & Walsh, Springfield, VA, for Defendants.

### MEMORANDUM OPINION

ELLIS, District Judge.

At issue in this federal prosecution of three defendants for murder and conspiracy to murder, in violation of 18 U.S.C. §§ 2, 1111 and 1117, is the question whether defendants are entitled to the appointment of a jury consultant under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, to assist defendants and their counsel in the jury selection process.

### I.

Defendants Denis Rivera, Noe David Ramirez–Guardado and Luis Alberto Cartagena were indicted and now face trial for the September 16, 2001 murder of Joaquin Diaz at Daingerfield Island, located on United States Park Service land in Alexandria, Virginia.[1]  On October 1, 2003, defendants jointly, by counsel, filed an *ex parte* and under seal motion for the appointment of a jury consultant—self-identified as a "senior trial consultant"—to assist in the selection of the trial jury.  Defendants argue that such a consultant is warranted under the Criminal Justice Act, 18 U.S.C. § 3006A, in light of three aspects of this case, namely (i) the defendants' Hispanic background and need for Spanish/English translation services at trial, (ii) the defendants' alleged membership in Mara Salvatrucha, commonly referred to as MS–13, a violent national gang, and (iii) the pretrial publicity surrounding this case in particular, and MS–13 in general.  Given these circumstances, defendants contend that the selection of an impartial jury "will require special care," thus necessitating the appointment of a jury consultant.

By *ex parte* and under seal Order dated October 10, 2003, defendants' joint motion for appointment of a jury consultant was denied.  *See United States v. Rivera, et al.,* Criminal No. 02–376–A (E.D.Va. Oct. 10, 2003) (Order).  Recorded here are the reasons underlying that ruling.

### II.

The CJA provides, in part, that "[c]ounsel for a person who is financially

---

1. For a more detailed recitation of the facts underlying the instant murder and conspiracy charges, see *United States v. Rivera, et al.,* 292 F.Supp.2d 827 (E.D.Va.2003) (addressing the government's motion to admit hearsay testimony pursuant to Rule 804(b)(6), Fed. R.Evid.).

unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte proceeding." 18 U.S.C. § 3006A(e)(1). The Act further provides that counsel shall be authorized to obtain the requested services only upon a finding by a court that the services are "necessary and that the person is financially unable to obtain them." *Id.; see also Lawson v. Dixon,* 3 F.3d 743, 750 (4th Cir.1993) (recognizing that appointment of an expert for purposes of mounting a defense at trial is required under § 3006A if the defendant "satisfies the statutory prerequisites of indigence and necessity"). As the Supreme Court explained in *Ake v. Oklahoma,* 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985), § 3006A provides an indigent defendant "access to the raw materials integral to the building of an effective defense." *Id.* at 76–77, 105 S.Ct. 1087. Thus, while an indigent defendant is not constitutionally entitled to "all the assistance that his wealthier counterpart might buy, . . . fundamental fairness entitles indigent defendants to an adequate opportunity to present their claims fairly within the adversary system." *Id.*

■ Viewed through the lens of these legal principles, it is clear that defendants' request for the appointment of a jury consultant at public expense is properly denied. Indeed, a jury consultant is neither "necessary for adequate representation" of the defendants, as the CJA requires, *see* 18 U.S.C. § 3006A(e)(1), nor one of the basic tools or "raw materials integral to the building of an effective defense." *Ake,* 470 U.S. at 76–77, 105 S.Ct. 1087. To the contrary, selecting and communicating with the jury are routine and "quintessential responsibilit[ies] of counsel." *Moore v.*

*Johnson,* 225 F.3d 495, 503 (5th Cir.2000), *cert denied,* 532 U.S. 949, 121 S.Ct. 1420, 149 L.Ed.2d 360 (2001). Indeed, as the Fifth Circuit correctly observed, in denying a request for appointment of a jury consultant,

> jury selection is not a mysterious process to be undertaken by those learned in the law only with the assistance of outside professionals. All competent lawyers are endowed with the 'raw materials' required to pick a jury fairly disposed toward doing substantive justice. While the wealthiest of defendants might elect to spend their defense funds on jury consultants, indigent defendants are not privileged to force the state to expend its funds on this exercise in bolstering an attorney's fundamental skills . . . .

*Moore,* 225 F.3d at 503.

Other courts have reached the same result for essentially the same reasons. For example, in *United States v. Shakur,* 560 F.Supp. 337 (S.D.N.Y.1983), the district court accurately recognized that the use of a so-called jury consultant simply adds "another guess by another person to the 'hunch' of the lawyer who ultimately makes the decision whether or not to challenge a particular venireman." *Id.* at 346–47.[2] Indeed, as that court succinctly and pointedly put it, "[a] jury selection expert is no more necessary than a tout at the race track." *Id.* at 347 (concluding that a jury consultant "is far from being either appropriate or necessary and will not be paid out of CJA funds").

Contrary to defendants' contentions, the fact that this case involves a publicized murder allegedly committed by Hispanic males with alleged ties to a violent national gang does not alter the analysis. Rather,

2. *See also Busby v. Cockrell,* 73 Fed.Appx. 49, 52–54, 2003 WL 21954211, *3–4 (5th Cir. 2003) (affirming the district court's ruling that a state court's decision that an expert jury consultant was not warranted because it was not a "basic tool" of the defense was not contrary to, or an unreasonable application of, clearly established law).

factors such as these are of a type routinely taken into account by competent counsel representing the prosecution and the defense, and courts in the vitally important task of ensuring that defendants are tried by an impartial jury as guaranteed under the Sixth Amendment. *See United States v. Lancaster,* 96 F.3d 734, 738 (4th Cir. 1996).

The constitutional right of these, as well as all defendants to an impartial jury will be assured through the voir dire process.[3] In this regard, although the voir dire must be "sufficient to impanel an impartial jury,"[4] district courts are afforded broad discretion in conducting voir dire, since trial judges must "reach conclusions as to impartiality and credibility by relying on their own evaluations of demeanor evidence and of responses to questions." *Lancaster,* 96 F.3d at 738–39 (citations omitted). This discretion is particularly broad in the context of pretrial publicity, as alleged to be present here. *See Mu'Min v. Virginia,* 500 U.S. 415, 427, 111 S.Ct. 1899, 114 L.Ed.2d 493 (1991); *United States v. Bakker,* 925 F.2d 728, 733–34 (4th Cir.1991) (allowing district court broad discretion in voir dire exploring potential bias due to pretrial publicity).

It may, of course, be plausibly argued by defendants' counsel that while they are competent to select a jury in this case, a jury consultant would help them be more effective in this respect. Yet, the fatal flaw in this argument is that it proves too much, as there may be many aids that might bolster a defense attorney's ability to be a zealous advocate for his or her client, including, for example, assistance from a more experienced and celebrated defense lawyer. While any number of additional resources might indeed enhance a defense attorney's representation to some extent, they are by no means necessary for the effective representation of these or any other defendants or, specifically, to empanel an impartial jury in this case. Rather, as previously noted, this is a task that remains the sole responsibility of counsel and the Court. Moreover, with regard to the argument that a jury consultant might aid counsel in selecting a jury more favorable to defendants, it is important to remember that no defendant is constitutionally entitled to have his or her case decided by a favorable jury; rather, the Sixth Amendment guarantees only the right to an impartial jury. That right is adequately and properly safeguarded without the aid of a jury consultant.

Accordingly, for all of the foregoing reasons, and because the selection of an impartial jury in this case can properly and adequately be accomplished without the use of a jury consultant, defendants' motion for the appointment of a jury consultant under the CJA is properly denied.[5]

---

**3.** In the course of the voir dire, some questions will be asked of the entire jury panel, while a substantial number of questions will be asked of individual jury panel members outside the hearing of other panel members. Counsel will be permitted to participate in the voir dire process in three ways, namely (i) by submitting proposed voir dire questions in advance of trial, (ii) by suggesting additional questions to be asked of particular panel members during the course of voir dire, and (iii) by suggesting any additional questions to be asked of specific panel members or of the panel as a whole at the end of voir dire. This procedure provides an adequate means of ensuring the selection of an impartial jury in this case and, accordingly, defendants' pretrial motion to permit the use of a juror questionnaire and counsel-conducted sequestered voir dire was properly denied. *See United States v. Rivera, et al.,* Criminal No. 02–376–A (E.D.Va. Oct. 10, 2003) (Order).

**4.** *United States v. LaRouche,* 896 F.2d 815, 830 (4th Cir.1990).

**5.** Defendants remain free, of course, to enlist the services of a jury consultant at their own expense.

An appropriate Order has issued. *See United States v. Rivera, et al.,* Criminal No. 02–376–A (E.D.Va. Oct. 10, 2003) (Order).