IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-41160

_____

GREGORY LAWRENCE MOORE,

Petitioner-Appellee,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Texas

_____

November 26, 2002

Before HIGGINBOTHAM, DUHÉ, and DeMOSS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Janie Cockrell, Director of the Texas Department of Criminal
Justice, Institutional Division, appeals the district court's grant
of the writ of habeas corpus to the petitioner, Gregory Lawrence
Moore.  We conclude that under the deferential scheme of 28 U.S.C.
§ 2254 the decision of the state court was not contrary to or an
unreasonable application of clearly established federal law as
determined by the Supreme Court of the United States.

Following conviction in state court for failure to appear and
an unsuccessful direct appeal, Moore filed two unsuccessful state

habeas petitions. These petitions raised his claim of ineffective assistance of appellate counsel which is at issue here and were rejected on the merits by the state court. Moore then filed for habeas relief in the district court alleging several grounds for relief, and all but one claim was rejected.

The federal district court found that Moore's appellate counsel was ineffective in failing to notify him timely of the outcome of his direct appeal, and as a result Moore was time-barred from filing a discretionary appeal. The district court granted Moore a writ of habeas corpus vacating the conviction unless the state court allowed an out-of-time discretionary appeal to be filed within 90 days.

Moore filed his federal habeas petition on December 29, 2000, and is therefore subject to the provisions of Antiterrorism and Effective Death Penalty Act of 1996.[1] Under AEDPA, we ask if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[2] Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of

---

[1] *See Lindh v. Murphy*, 521 U.S. 320, 324-26 (1997).

[2] 28 U.S.C. § 2254(d) (1994).

the relevant state-court decision."[3]  A claim of ineffective assistance of counsel, the only claim before us, is a mixed question of law and fact and should be reviewed under the "contrary to" and "unreasonable application" prong of 28 U.S.C. § 2254(d).[4] The deference of Section 2254(d) is due when the state court has adjudicated the petitioner's claim on the merits.[5]  The Texas Court of Criminal Appeals denied Moore's state applications for writ of habeas corpus on the merits.

The magistrate judge's report and recommendation did not mention AEDPA.  The Director timely objected to the report, pointing out that the state court's decision must be upheld unless it is contrary to or involves an unreasonable application of federal law.

In summarily rejecting this objection without reference to AEDPA, the able district court concluded that "Moore has a clearly established federal right to effective assistance of counsel on appeal, assistance which was supposed to but did not include notification of the outcome of his appeal and the right to proceed further."[6]  The court relied on *Shiloh-Bryant v. Director, TDCJ-ID*,

---

[3] *Terry Williams v. Taylor*, 529 U.S. 362, 412 (2000).

[4] *Valdez v. Cockrell*, 274 F.3d 941, 946 (citing *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.2000); *Nobles v. Johnson,* 127 F.3d 409, 415 (5th Cir.1997)).

[5] *See* 28 U.S.C. § 2254(d).

[6] Memorandum Adopting Report and Recommendation of the United States Magistrate Judge and Entering Final Judgment at 4, Moore v. Director, TDCJ-ID, No. 6:00cv758 (E.D. Tex. Sept. 10, 2001).

a district court decision that relied on state law to determine the scope of the constitutional right to counsel.[7]

There is Supreme Court precedent. In *Ross v. Moffitt*, the Court stated that there is no right to counsel for discretionary reviews in state court.[8] It noted that the right to appellate counsel is "an adequate opportunity to present his claims fairly in the context of the State's appellate process."[9] Moore has never asserted that his counsel was ineffective in presenting his direct appeal, only that he was not notified of the outcome.

This court recently examined the scope of the right to appellate counsel, holding that it does not extend to filing a motion for rehearing following the disposition of defendant's case on direct appeal.[10] This court emphasized that the motion for rehearing came after the appellate court ruled on the claims, and stated that "[w]hen a state grants a criminal defendant an appeal of right, the Constitution requires only that the defendant's

---

[7] 104 F. Supp. 2d 696 (E.D. Tex. 2000) (holding that because state prisoner's attorney did not fulfill his state law obligation to notify his client of the outcome of his direct appeal, or advise him that a *pro se* petition for discretionary review could be filed, the prisoner's federal constitutional right to effective assistance of counsel on direct appeal was violated, and therefore federal habeas should be granted.). The court in *Shiloh-Bryant* made no reference to AEDPA.

[8] 417 U.S. 600, 619 (1974).

[9] *Id.* at 616. *See also Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (per curiam) (stating "since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel").

[10] *Jackson v. Johnson*, 217 F.3d 360, 364-65 (5th Cir. 2000).

claims be 'once ... presented by a lawyer and passed upon by an appellate court.'"[11]

The constitutionally secured right to counsel ends when the decision by the appellate court is entered. These decisions support the state court's denial of habeas and do not demonstrate that its holding was "contrary to, or involved an unreasonable application of, clearly established Federal law," as AEDPA requires.

Therefore, the decision of the district court is VACATED and REMANDED for consideration in light of AEDPA's deferential standard.

---

[11]  *Id.* (quoting *Ross*, 417 U.S. at 614).