United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 7, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 02-41093
_____

ROBERT LLOYD HENRY,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Texas prisoner Robert Lloyd Henry seeks a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Henry contends that his conviction and death sentence should be overturned because his trial counsel rendered ineffective assistance by presenting the expert testimony of Dr. George Kramer without adequately investigating the basis for that testimony.

Henry was convicted and sentenced to death for the murders of Carol Arnold and Hazel Rumohr. Arnold and Rumohr were, respectively, the mother and grandmother of a friend from Henry's teenage years, and Henry had been a frequent visitor to the Portland, Texas home shared by the two women. Two months after Rumohr and Arnold were brutally murdered in their home, Henry entered the Corpus Christi Police Department and made a detailed confession to the murders. This confession was later substantiated by DNA evidence matching Rumohr's blood to blood found in Henry's car and Henry's blood to blood found in the victims' home. At trial, Henry's defense counsel presented the expert testimony of Dr. Kramer in an attempt to explain why Henry, who claimed to be innocent, had confessed to the murders. Dr. Kramer opined that Henry's obsessive-compulsive anxiety disorder, combined with his high intelligence, led him to fantasize that he was responsible for the murders and t hat, once the police began to interrogate him, a panic attack caused him to say whatever he believed would end the questioning quickly. Dr. Kramer further testified that Henry's performance on certain psychological tests did not suggest that Henry was capable of committing the murders.

According to Dr. Kramer, this opinion was based on his own examination and testing of Henry as well as his review of evaluations and tests performed by others. Specifically, he reviewed a letter written to defense counsel by Dr. Joel Kutnick, a psychiatrist retained to evaluate Henry's competency to stand trial. In this letter, Dr. Kutnick expressed doubts about Henry's claim that he could not remember the events surrounding the murders and suspected that Henry was malingering, a conclusion which Dr. Kramer ultimately rejected. Dr. Kramer also reviewed the result s of tests performed by Jim Williams, a contractor who held a master's degree in psychology. In his evaluation, Williams concluded that Henry might have been capable of committing the murders. Although Dr.

Kramer incorporated much of Williams' evaluation into his own report, he omitted any reference to this conclusion. The materials prepared by Dr. Kutnick and Williams were used to impeach Dr. Kramer and were introduced into evidence without objection as bases for Dr. Kramer's expert opinion. These materials were also discussed by the State's expert at sentencing.[1]

Henry's conviction and sentence were affirmed on direct appeal. In his state habeas petition, Henry argued, *inter alia*, that his trial counsel should have objected to the admission of the documents prepared by Dr. Kutnick and Williams. The state trial court concluded that Henry's trial counsel did not render ineffective assistance. The Texas Court of Criminal Appeals adopted the trial court's findings and conclusions and denied relief. Henry then filed an application for federal habeas relief in which he reasserted his failure to object claim and argued for the first time that trial counsel was ineffective in relying on Dr. Kramer's testimony without adequately investigating the basis for his opinion. Henry contended that defense counsel should have discovered that Dr. Kramer's opinion was based on materials that contained damaging statements. After ordering additional briefing and holding a hearing on Henry's ineffective assistance claims, the district court concluded that the failure to investigate claim was not presented to the state courts and, thus, was procedurally barred. The court denied Henry's failure to object claim on the merits and refused to grant a COA.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must obtain

---

[1] When Williams learned that Dr. Kramer's testimony disagreed with the conclusions in Williams' evaluation, he apparently contacted the District Attorney's Office to express his concern. After defense counsel objected to the admission of Williams' testimony, the trial court ruled that, because Williams could only administer tests under the supervision of a licensed psychologist, his evaluation of Henry was inadmissible insofar as it contradicted that of Dr. Kramer. Although the court ruled that Williams could testify regarding his routine administration of the standardized tests, the prosecution instead elected to recall Dr. Kramer and question him regarding the contents of Williams' report.

a COA before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied a claim on procedural grounds, however, the petitioner must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* As the Supreme Court made clear in its recent decision in *Miller -El v. Cockrell*, ___ U.S. ___, 123 S. Ct. 1029, 1039 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at ___, 123 S. Ct. at 1042.

In his COA request, Henry focuses on defense counsel's alleged ineffective assistance in failing to investigate the basis for Dr. Kramer's testimony.[2] "[A]bsent special circumstances, a federal habeas petitioner must exhaust his state remedies by pressing his claims in state court before he may seek federal habeas relief." *Orman v. Cain*, 228 F.3d 616, 619-20 (5th Cir. 2000); *see* 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has

---

[2] Because Henry makes only passing reference to the failure to object argument raised in the district court, it is unclear whether he seeks a COA for that claim. In any event, such a request must be denied. Although we review the district court's resolution of an ineffective assistance claim *de novo*, *Ladd v. Cockrell*, 311 F.3d 349, 357 (5th Cir. 2002), nothing in Henry's COA request indicates that the district court's thorough assessment of his failure to object claim would be debatable among jurists of reason.

exhausted the remedies available in the courts of the State. . . .").  Henry argues that he has met the exhaustion requirement with respect to his failure to investigate claim because the facts underlying that claim were presented to the state habeas courts in the course of adjudicating his failure to object claim.  Under our precedent, however, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  "Indeed, where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Id.* (quoting *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983) (internal quotation marks omitted)). Because Henry did not provide the state courts with a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim," *Anderson*, 459 U.S. at 6, the district court correctly concluded that his failure to investigate claim was procedurally barred.

Henry has not demonstrated that jurists of reasons would find the district court's procedural ruling debatable.  Accordingly, his request for a COA is DENIED.