**Ex parte Donald Eugene LINDER, Applicant.**

**No. 74904.**

Court of Criminal Appeals of Texas.

March 3, 2004.

Donald Eugene Linder, pro se.

Doug Arnold, Assist. DA, Georgetown, Matthew Paul, State's Attorney, Austin, for state.

KELLER, P.J., filed a dissenting opinion.

Because the Court's opinion relies on state court precedent, *Ex Parte Wilson,*[1] which conflicts with a decision of the United States Supreme Court, *Ross v. Moffitt,*[2] I respectfully dissent.

In *Ross,* the Supreme Court held that the right to appellate counsel ends when the appeal is "passed upon by an appellate court." [3] In *Wilson,* this Court held that, "The right to counsel on an appeal of right, under Art. 26.04, ends with the conclusion of the direct appeal." [4]

The phrase, "conclusion of the direct appeal" connotes some moment in time, but it is not clear which moment, nor whether this moment is delimited by a judicial action. Indeed, it is the possibility that the meaning of "conclusion of the direct appeal" comprises action after the appellate court rules which allowed this court to hold in *Wilson* that, "counsel on appeal must inform a defendant of the result of the direct appeal and the availability of discretionary review." [5]

There is less ambiguity with language like "passed upon": it is the perfect passive participle of a verb and it is transitive. In other words, this phrase denotes an action perfected—i.e. entirely completed—by an actor upon an object. In this context, as in *Ex Parte Wilson,* the actor is the appellate court, the action is its ruling, and the object is an appeal as of right. Moreover, the action is not ongoing: the court is not continuing to rule; instead, the court has ruled. Thus, "passed upon" does not denote merely some moment in time, but rather, a completed judicial action that does not contemplate further, non-judicial, action.

It is this understanding of *Ross* that led the United States Court of Appeals for the Fifth Circuit to hold in *Moore v. Cockrell* that, "The constitutionally secured right to counsel ends when the decision by the appellate court is entered." [6] This court is not bound to follow the constitutional interpretations of federal circuit courts,[7] but we must follow the holdings of the United States Supreme Court.[8] And *Moore* cor-

1. 956 S.W.2d 25 (Tex.Cr.App.1997).

2. 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

3. *Id.* at 614, 94 S.Ct. 2437 (quoting *Douglas v. California* 372 U.S. 353, 356, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963)).

4. *Wilson* 956 S.W.2d at 27.

5. *Id.*

6. 313 F.3d 880, 882 (5th Cir.2002).

7. *Ex parte Stuart,* 653 S.W.2d 13, 14 (Tex.Cr. App.1983) (citing *Cooper v. State,* 631 S.W.2d 508 (Tex.Cr.App.1982)).

8. *Lockhart v. Fretwell,* 506 U.S. 364, 376, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (Thomas, J., concurring).

rectly interprets the Supreme Court in *Ross*.

I would order this case filed and set to consider whether we should follow *Moore* and modify our opinion in *Wilson*.