IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 
 74,904





EX PARTE DONALD EUGENE LINDER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM WILLIAMSON COUNTY





 Per Curiam.

O P I N I O N





 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Article 11.07 TEX. CODE CRIM. PROC. Applicant was convicted of the felony
offense of burglary of a habitation, and punishment was assessed at 60 years' imprisonment. 
Applicant appealed, and his conviction was affirmed. Linder v. State, No. 03-00-00642-CR
(Tex. App. -- Austin, July 26, 2002, no pet.).

 Applicant contends, inter alia, that he was denied an opportunity to file a petition for
discretionary review because his appellate attorney did not timely notify him that his
conviction had been affirmed or that he could seek discretionary review, pro se. The trial
court, based upon an affidavit from appellate counsel, and relying on Moore v. Cockrell, 313
F.3d 880 (5th Cir. 2002), recommended that relief be denied. The record reflects however, 
that counsel did not timely inform Applicant that his conviction had been affirmed or that he
could file a petition for discretionary review from his conviction. Under our state habeas
cases, Applicant is entitled to this information. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).

 Habeas corpus relief is granted, in part, and Applicant is granted leave to file an out-of-time petition for discretionary review from his conviction in cause number 00-263-K368A
from the 368th Judicial District Court of Williamson County. Applicant is ordered returned
to the point at which he can file a meaningful petition for discretionary review. For purposes
of the Texas Rules of Appellate Procedure, all time limits shall be calculated as if the Court
of Appeals' decision had been rendered on the day the mandate of this Court issues. We hold
that should Applicant desire to seek discretionary review, he must take affirmative steps to see
that his petition is filed in the Court of Appeals within thirty days of the date the mandate of
this Court has issued.

 Applicant's remaining claims are dismissed. See Ex Parte Torres, 943 S.W.2d 469
(Tex. Crim. App. 1997).

Delivered March 3, 2004 

Do not publish