**Johnica Lynn PRYOR,**

v.

**DIRECTOR, TDCJ–CID.**

**Civil Action No. 6:08cv247.**

United States District Court,
E.D. Texas,
Tyler Division.

Feb. 9, 2009.

Winston E. Cochran, Jr., Attorney at Law, Houston, TX, for Johnica Lynn Pryor.

Jessica Michelle Hartsell, Texas Attorney General, Austin, TX, for Director, TDCJ–CID.

## ORDER OF DISMISSAL

LEONARD DAVIS, District Judge.

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the petition for a writ of habeas corpus should be denied. Both parties filed objections.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by the parties to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections of the parties are without merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are hereby **DENIED**.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

JUDITH K. GUTHRIE, United States Magistrate Judge.

Petitioner Johnica Lynn Pryor, an inmate confined at the Michael Unit of the Texas prison system, filed this petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

### History of the Case

The Petitioner is in the custody of the Texas prison system for the aggravated kidnapping of Serina Patrice Thompson. On August 24, 2004, a Rains County jury found the Petitioner guilty of aggravated kidnapping, as charged in the indictment. On the following day, the jury found that the Petitioner had a prior felony conviction that became final before the commission of the current offense and assessed punishment at confinement in the Texas prison system for a term of thirty-eight years, along with a $5,000 fine. The conviction was affirmed. *Pryor v. State,* No. 12–04–00301–CR, 2006 WL 2106791 (Tex.App.-Tyler July 31, 2006). The Texas Court of Criminal Appeals refused his petition for discretionary review on January 24, 2007. The Petitioner filed an application for a writ of habeas corpus in state court on April 23, 2008. On June 18, 2008, the Texas Court of Criminal Appeals denied the application without written order.

The present petition for a writ of habeas corpus was filed on June 19, 2008. The Petitioner presented the following grounds for relief:

1. The "pocket veto" method of state habeas disposition denied the Petitioner due process of law;

2. The district court erroneously defined proof beyond a reasonable doubt in a way that unconstitutionally diminished the State's burden;

3. If error was waived by lack of an objection when the district court erroneously defined proof beyond a reasonable doubt, the Petitioner did not receive effective assistance of counsel;

4. If the error in Ground Two was waived by the failure to raise it on direct appeal, then counsel on appeal failed to render effective assistance of counsel and an out-of-time appeal on this issue should have been permitted;

5. The Petitioner received ineffective assistance on direct appeal with respect to an *"Allen* charge" issue, and an out-of-time appeal on this issue should have been permitted;

6. The Petitioner's right under the Sixth Amendment right to trial by an impartial jury, drawn from a cross-section of the community, was violated when the Petitioner was tried by an all-white jury, drawn from a venire containing only one black venireman; and

7. If the issue in Ground Six was waived because it was presented on direct appeal and rejected due to inadequate briefing, then the Petitioner did not receive effective assistance of counsel on appeal.

An answer was filed on October 27, 2008. The Petitioner filed a reply on December 18, 2008.

### Discussion and Analysis

■ The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins,* 988 F.2d 1364, 1367 (5th Cir.1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *West v. Johnson,* 92 F.3d 1385, 1404 (5th Cir.1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn,* 780 F.2d 509, 513 (5th Cir.1986).

■ The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim— (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor,* 529 U.S. 362, 402–413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Childress v. Johnson,* 103 F.3d at 1224–1225. The Supreme Court explained that the new provisions "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). Federal habeas corpus relief is not available just because a state court decision may have been incorrect; instead, a petitioner

must show that a state court decision was unreasonable. *Id.* at 694, 122 S.Ct. 1843.

 The first ground for relief was a complaint about the "pocket veto" method of state habeas disposition, which allegedly denied the Petitioner due process. More specifically, the State never filed an answer in response to the application for a writ of habeas corpus. The state trial judge did not enter any findings of fact or conclusions of law. Instead, the case was simply forwarded to the Texas Court of Criminal Appeals, which denied the application without written order. The Fifth Circuit, however, has repeatedly and consistently held that alleged infirmities in state habeas proceedings are not grounds for federal habeas relief. *Haynes v. Quarterman,* 526 F.3d 189, 195 (5th Cir.2008); *Brown v. Dretke,* 419 F.3d 365, 378 (5th Cir.2005); *Trevino v. Johnson,* 168 F.3d 173, 180 (5th Cir.1999). This is because "an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Rudd v. Johnson,* 256 F.3d 317, 320 (5th Cir.2001). The ground for relief lacks merit and is wholly frivolous.

 The second ground for relief is that the trial court erroneously defined proof beyond a reasonable doubt in a way that unconstitutionally diminished the State's burden. In support of the claim, the Petitioner noted that the trial court erroneously described the concept of proof beyond a reasonable doubt as follows: "Whatever that you come up with in your mind as what beyond a reasonable doubt would be, that will be the definition you use if you're one of the jurors that are picked." The Petitioner argued that the statement created a risk that one or more members of the jury applied a standard lower than is constitutionally required. He added that there was no formal definition of reason-

able doubt to correct this incorrect explanation. He further noted that although there was no objection, the trial court made an instruction on law and other instructional errors in Texas state court jury charges are not waived by a failure to object.

 The Director argued in response that the Petitioner has not shown that the state court's determination of this issue was unreasonable. The Director noted that the Fourteenth Amendment "protects the accused against conviction upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The Constitution neither prohibits States from defining "beyond a reasonable doubt" nor requires them to do so. *Victor v. Nebraska,* 511 U.S. 1, 5, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994). A trial court, however, "must avoid defining reasonable doubt so as to lead the jury to convict on a lesser showing than due process requires." *Id.* at 22, 114 S.Ct. 1239. The Director went on to correctly note that the Texas Court of Criminal Appeals has found "that the better practice is to give no definition of reasonable doubt at all to the jury." *Paulson v. State,* 28 S.W.3d 570, 573 (Tex.Crim.App.2000). Indeed, the Texas Court of Criminal Appeals explained that it "is ill-advised for us to require trial courts to provide the jury with a redundant, confusing, and logically-flawed definition when the Constitution does not require it, no Texas statute mandates it, and over a hundred years of pre-*Geesa*[1] Texas precedent discourages it." *Id.*

In response, the Petitioner focused on the portion of *Victor v. Nebraska* stressing that a trial court must avoid defining reasonable doubt so as to lead the jury to

---

1. *Geesa v. State,* 820 S.W.2d 154 (Tex.Crim. App.1991).

convict on a lesser showing that due process requires. He asserted that the trial court's instructions must not mislead the jury as to the burden. He argued that the trial judge subverted the "self-explanatory" character of the term and invited the jury to employ a different standard.

■■■■■ An improper jury instruction rarely justifies federal habeas relief absent a proper objection in the trial court. *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977); *Mayabb v. Johnson*, 168 F.3d 863, 867 (5th Cir. 1999). A petitioner must show that the *erroneous instruction by itself so infected the entire trial that the resulting conviction violates due process.* *Id.* (quoting *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)). Moreover, habeas relief based on trial error is not available unless a petitioner can establish "actual prejudice." *Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The case law cited by the Director correctly noted that the trial court was not required to define beyond a reasonable doubt. Texas law at the time of the trial was that it was better to give no definition of the concept at all. In *Paulson v. State*, the Texas Court of Criminal Appeals specified that it was "ill-advised for us to require trial courts to provide the jury with a redundant, confusing, and logically flawed definition," with the implication that jurors are perfectly capable of applying the concept without a definition. 28 S.W.3d at 573.

■■■■■ Most recently, the Supreme Court again noted that a jury instruction may not relieve the State of proving every element of a crime beyond a reasonable doubt and that the jury instruction must be considered in the context of the instructions as a whole. *Waddington v. Sarausad*, —— U.S. ——, 129 S.Ct. 823, 831–32, 172 L.Ed.2d 532 (2009). There must be more than a "slight possibility" that the jury misapplied the instruction. *Id.* The Supreme Court reiterated that there must be a showing that the "ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* (citations omitted).

In the present case, the trial court followed the *Paulson* decision. He did not define beyond a reasonable doubt. He clearly left it up to the jurors by telling them that it was "whatever that you come up with in your mind." The statement was not contrary to either Texas or federal law.

Furthermore, the trial court's instruction was not erroneous in the context of the instructions as a whole. The full instruction was as follows:

> Now, it's up to the State, the burden is on the State of Texas to prove their case beyond a reasonable doubt if they can. Let's talk about what beyond a reasonable doubt means. I will not allow the attorneys to give a definition of beyond a reasonable doubt. The only thing I can tell you, it's not doubt beyond a shadow of a doubt. It's not beyond all doubt, but it is proof beyond a reasonable doubt However, the State of Texas does not have a definition for what beyond a reasonable doubt is. Whatever that you come up with in your mind as what beyond a reasonable doubt would be, that will be the definition you use if you're one of the jurors that are picked.

The trial judge's entire statement showed that he was complying with prevailing law by not giving the jurors a definition of beyond a reasonable doubt. His statement was appropriate. Both the prosecutor and defense counsel further explained the concept and questioned the panel on its ability to apply the standard. In the context of the instructions as a whole, the trial judge did not make a mistake. Moreover, the context of the instructions as a whole show

that the trial court did not give an ailing instruction that so infected the entire trial that the resulting conviction violated due process. The second ground for relief lacks merit.

The ground for relief should be denied for the additional reason that the Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell,* 313 F.3d 880, 882 (2002). In *Waddington v. Sarausad,* the Supreme Court emphasized that relief was unavailable regarding the instructions in that case because there was no showing that the state court decision was an "unreasonable application of ... clearly established federal law." 129 S.Ct. at 835. The Petitioner in this case likewise failed to show that the state court decision in this case was an unreasonable application of clearly established federal law. He is not entitled to relief on the second ground for relief.

■ The Petitioner's third ground for relief is that if error was waived by lack of objection when the trial court erroneously defined proof beyond a reasonable doubt, then he did not receive effective assistance of counsel. In order to succeed on a claim of ineffective assistance of counsel, a habeas corpus petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming

counsel exercised reasonable professional judgment. *Id.* at 690, 104 S.Ct. 2052. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle,* 661 F.2d 388, 389 (5th Cir.1981). *See also Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir.1982). Secondly, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. He must "affirmatively prove," not just allege, prejudice. *Id.* at 693, 104 S.Ct. 2052. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 697, 104 S.Ct. 2052.

In the present case, counsel had no reason to object to the trial court's discussion about the concept of beyond a reasonable doubt because the discussion was consistent with state and federal law. Counsel's representation was not deficient for failing to raise a meritless objection. *Clark v. Collins,* 19 F.3d 959, 966 (5th Cir.1994). The Petitioner has not shown that counsel's representation was deficient for failing to make an objection. He likewise failed to show that he was prejudiced by counsel's failure to make an objection. The ineffective assistance of counsel claim lacks merit. Ground for relief number three should be denied.

The ground for relief should be denied for the additional reason that the Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United

States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell*, 313 F.3d at 882.

 Ground for relief number four is related to ground for relief number three. The Petitioner argued that his appellate attorney was ineffective for failing to raise the beyond a reasonable doubt argument on appeal. Persons convicted of a crime are entitled to effective assistance of counsel in their first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir.1998). The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir.2001). On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available. *Green v. Johnson*, 160 F.3d at 1043. Rather, it means that counsel must have performed in a reasonably effective manner. *Id.* To demonstrate prejudice, the Petitioner must "show a reasonable probability that, but for his counsel's unreasonable failure ..., he would have prevailed on his appeal." *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir.2001) (citations omitted).

In the present case, the trial court's discussion of the concept of beyond a reasonable doubt was not erroneous. The Petitioner's appellate attorney had no reason to raise the issue on appeal. Furthermore, the Petitioner cannot show prejudice because he cannot show a reasonable probability that but for his appellate attorney's failure to raise the issue on appeal, he would have prevailed on his appeal. The ineffective assistance of appellate counsel

claim lacks merit. Ground for relief number four should be denied.

The ground for relief should be denied for the additional reason that the Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell*, 313 F.3d at 882.

 The Petitioner's fifth ground for relief is that he received ineffective assistance of counsel on direct appeal with respect to an "*Allen* charge" issue, and an out-of-time appeal on this issue should have been permitted. He noted that the Twelfth Court of Appeals rejected the "*Allen* charge" issue on direct appeal, commenting on the inadequacy of the briefing. The Petitioner asserted that the briefing merely incorporated by reference the arguments against the modifications of a true "*Allen* charge" which were made by trial counsel, and the briefing completely failed to discuss the possible combined effect of the charge and other implications during the trial that the case should be completed quickly.

The Twelfth Court of Appeals' analysis of the *Allen* charge issue was as follows:

> In his second issue, Appellant argues that the trial court's *Allen*[2] charge had a coercive effect on the jury in its conviction of Appellant. The totality of Appellant's argument supporting his second issue in his brief is as follows:
>
>> It is well established that the focus of any reviewing court is to scrutinize an *Allen* charge in light of all the circum-

---

**2.** *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

stances. *Howard v. State*, 941 S.W.2d 102, 123 (Tex.Crim.App.1996). In this case, and for the reasons given by trial counsel, there is no question that the effect of the trial court's *Allen* charge as set forth in the Statement of Facts had a coercive effect. Before, the jurors were at a six-to-six split. After the instruction, the jury came back with a conviction.

The primary inquiry to determine the propriety of an *Allen* or "dynamite" charge is its coercive effect on juror deliberation, "in its context and under all circumstances." *Howard*, 941 S.W.2d at 123. A supplemental charge that suggests that all jurors reevaluate their opinions in the face of disparate viewpoints cannot be said to be coercive on its face. *See id.* Yet Appellant essentially argues that any *Allen* charge given, after which a jury convicts a defendant, necessarily has an unduly coercive effect given the unfavorable result to the defendant. Appellant cites no authority supporting such a contention, and such a result is at odds with the authority Appellant has cited. *See, e.g., Howard*, 941 S.W.2d at 123–24.

Here, the trial court did not shade its instruction with coercive nuance. Its instruction did not identify any juror viewpoints. Rather, the trial court instructed the jury to continue deliberations in an effort to arrive at a verdict that is acceptable to all its members, but only if such members could do so without violence to each member's individual conscience. Thus, we cannot conclude that there is any coercive suggestion in the trial court's instruction. *Id.* Appellant's second issue is overruled.

2006 WL 2106791 at *6–7.

The phrase *"Allen* charge" refers to supplemental jury instructions that urge deadlocked juries to forego their differences in order to reach a unanimous ver-

dict. *Boyd v. Scott*, 45 F.3d 876, 878 n. 1 (5th Cir.1994). The original *Allen* charge urged the minority of the jury to consider the views of the majority in an effort to determine whether the minority views were reasonable under the circumstances. *Id.* The Supreme Court has long sanctioned such instructions. *Lowenfield v. Phelps*, 484 U.S. 231, 237, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988). In *Montoya v. Scott*, 65 F.3d 405, 409 (5th Cir.1995), the Fifth Circuit stressed that an *Allen* charge must not be coercive. The Fifth Circuit added that in the context of a habeas proceeding involving a state conviction, "a habeas petitioner must establish that the court's charge, under the totality of the circumstances, was so coercive as to have unconstitutionally rendered the petitioner's trial fundamentally unfair." *Id.* The trial court in *Montoya* merely instructed the jurors to keep deliberating. The Fifth Circuit noted that the *Allen* charge given by the trial court did not include " 'the most troublesome feature of the *Allen* charge—the exhortation to the minority to reexamine its views in light of the majority's arguments,' ... and it did not 'remind[ ] [the jury] of the nature of their duty and the time and expense of a trial, and urg[e] them to try again to reach a verdict.' " *Id.* at 409–410. The Fifth Circuit held that asking the jury to deliberate longer did not contain the explicit "dynamite" language contained in a traditional *Allen* charge. *Id.* at 410.

The trial court in the present case gave the following *Allen* charge after the jury indicated that it was split six to six:

This is in response to your note, which I have designated jury note number three, in which you indicate that you're at a real impasse. If this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the Court to declare a mistrial and discharge the jury. The indictment will still be pend-

ing, and it's reasonable to assume that this case will be tried again before another jury at some future time. Any such future jury will be impaneled in the same way this jury has been impaneled and will likely hear the same evidence which has been presented to this jury. The same questions to be determined by that jury will be the same questions confronting you, and there's no reason to hope that the next jury will find these questions any easier to decide tha[n] you've found them. With this additional instruction, you're requested to continue deliberations in an effort to arrive at a verdict that is acceptable to all members of the jury if you can do so without violence of your conscience. Don't do violence to your conscience, but continue deliberating.

The instructions given by the trial court were consistent with normal *Allen* charges and were not coercive. The Petitioner did not show that the court's charge, under the totality of the circumstances, was so coercive as to have unconstitutionally rendered his trial fundamentally unfair. He has not shown that he is entitled to federal habeas corpus relief because of the *Allen* charge.

The Petitioner correctly noted that the Twelfth Court of Appeals specified that his attorney's reference to the "reasons given by trial counsel" was not a proper argument. The Petitioner failed to note, however, that the Twelfth Court of Appeals went on to discuss the proper role of an *Allen* charge and how it may not be coercive. The Twelfth Court of Appeals then found that the "trial court did not shade its instruction with coercive nuance." Appellate counsel's presentation of the ground of error was insufficient for reasons noted by the Twelfth Court of Appeals. Nonetheless, the Petitioner is not entitled to relief because he cannot show prejudice. He has not shown that the *Allen* charge was coercive. He has not shown that but for his appellate attorney's failure to properly present the issue on appeal, he would have prevailed on his appeal. The ineffective assistance of appellate counsel claim lacks merit. Ground for relief number five should be denied.

The ground for relief should be denied for the additional reason that the Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell,* 313 F.3d at 882.

■ The Petitioner's sixth ground for relief is that his Sixth Amendment right to trial by an impartial jury, drawn from a cross-section of the community, was violated when he was tried by an all-white jury, drawn from a venire containing only one African–American venireman. He noted that trial counsel complained that the venire did not reflect the racial composition of Rains County, although in fact only 2.9% of the people in Rains County are African–Americans. The Petitioner asserted that there is no reason to suspect that public officials deliberately manipulated the jury pool to keep African–Americans off of juries (and this jury in particular), but the ordinary process for summoning and selecting jurors is inadequate to assure the participation of African–American jurors.

■ The Sixth Amendment requires that juries in criminal trials must be "drawn from a fair cross section of the community." *Taylor v. Louisiana,* 419 U.S. 522, 527, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). Accordingly, "venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be representative

thereof." *Duren v. Missouri,* 439 U.S. 357, 363–64, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). To establish a *prima facie* Sixth Amendment violation, the Petitioner must show (1) that the group alleged to be excluded is a distinctive group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury selection process. *Id.* at 364, 99 S.Ct. 664.

The Fifth Circuit dealt with the lack of representation of African–Americans in venires in Montgomery County, Texas in *McGinnis v. Johnson,* 181 F.3d 686 (5th Cir.1999). In that case, all three African–American venirepersons were excused. The Fifth Circuit found that African–Americans are unquestionably a "distinctive group in the community" for Sixth Amendment purposes. *Id.* at 689. The finding is equally applicable in this case. The petitioner in that case noted that 3.8% of the population of Montgomery County was African–American, while only 2.3% of the venirepersons were African–American. The Fifth Circuit found, however, that the ground for relief failed because the petitioner had not shown that the underrepresentation was due to systematic exclusion of African–Americans in the jury selection process. *Id.* at 689–90. The Fifth Circuit rejected the argument that the third prong was satisfied "because it resulted from the operation of Texas procedures by which juries are qualified, excused, or exempted from service" and because "article 35.03 creates a systematic danger of the underrepresentation of distinctive groups on criminal jury venires." *Id.* at 690. In the present case, the Petitioner likewise argued that African–Americans were underrepresented due to the ordinary process for summoning and selecting jurors which is inadequate to assure the participation of African–American jurors. The argument must be rejected in light of *McGinnis v. Johnson.* The Petitioner has not satisfied the third prong to establish a *prima facie* case. The sixth ground for relief should be denied.

The ground for relief should be denied for the additional reason that the Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell,* 313 F.3d at 882.

The final ground for relief is that if the issue in ground six was waived because it was presented on direct appeal and rejected due to inadequate briefing, then the Petitioner did not receive effective assistance of counsel on appeal. On direct appeal, Petitioner's counsel specified that the criteria required to prove ground six was "insurmountable." 2006 WL 2106791 at *6. The Twelfth Court of Appeals responded by finding that it was bound by the standard set forth in *Duren* and *Pondexter. Id.* The Twelfth Court of Appeals went on to hold that the Petitioner waived the issue because he failed to make a cogent argument with regard to the three elements. *Id.* Regardless of whether appellate counsel's representation was deficient on this issue, the Petitioner is not entitled to federal habeas corpus relief because he has not shown that but for his appellate attorney's failure to properly present the issue on appeal, he would have prevailed on his appeal. The ineffective assistance of appellate counsel claim lacks merit. Ground for relief number seven should be denied.

The ground for relief should be denied for the additional reason that the Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell,* 313 F.3d at 882.

In conclusion, the Petitioner's various grounds for relief lack merit. The petition for a writ of habeas corpus should be denied.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

■■■■■ A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.; Henry v. Cockrell,* 327 F.3d 429, 431 (5th Cir.2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller–El v. Cockrell,* 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (citing *Slack,* 529 U.S. at 484, 120 S.Ct. 1595). Accordingly, it is respectfully recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

### Recommendation

It is recommended that the petition for a writ of habeas corpus be denied and that the case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

■■■■ A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within ten days after being served with a

copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).

So **ORDERED** and **SIGNED** this day of 22 January, 2009.