# IN THE SUPREME COURT OF THE STATE OF NEVADA

GREG TAKUNG CHAO, A/K/A GREG
TUKUNG CHAO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68379

**FILED**

MAR 1 5 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Greg Chao's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; William D. Kephart, Judge. Chao argues that he received ineffective assistance from his trial and appellate counsel. The State argues that the district court's order denying relief on the merits should be upheld because Chao's untimely petition was procedurally barred and he failed to show good cause and actual prejudice to excuse the procedural bar. Giving deference to the district court's factual findings that are supported by substantial evidence and not clearly wrong but reviewing the court's application of the law to those facts de novo, *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005), we affirm.

We conclude that Chao's petition was procedurally barred because it was untimely filed and he failed to show good cause and actual prejudice. Chao filed his postconviction habeas petition on February 6, 2012, more than one year after the remittitur from his direct appeal issued on January 18, 2011. *Chao v. State*, Docket No. 50336 (Order of Affirmance, June 23, 2010). Therefore, the petition was untimely filed and procedurally barred absent a demonstration of good cause and prejudice.

17-08733

*See* NRS 34.726(1). Chao argues that appellate counsel should have moved to stay issuance of the remittitur pending resolution of his certiorari petition to the United States Supreme Court. The district court concluded that Chao had shown good cause by demonstrating that appellate counsel was ineffective because NRAP 41(b)(3) would have permitted staying issuance of the remittitur pending the resolution of the federal certiorari proceedings and the remittitur's stay would have rendered the underlying petition timely.

As to good cause, we review the district court's legal conclusions de novo and give deference to its factual findings. *See State v. Huebler*, 128 Nev. 192, 197, 275 P.3d 91, 95 (2012). Counsel's failure to request a stay of the issuance of the remittitur is not an impediment external to the defense constituting good cause because Chao was not prevented from timely filing his postconviction habeas petition. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Further, Chao's claim regarding appellate counsel's failure to stay the remittitur became available to him when the remittitur issued, and thus this claim was itself procedurally defaulted when he failed to raise it within one year. *See id.* at 252 ("[T]o constitute adequate cause, the ineffective assistance of counsel claim itself must not be procedurally defaulted."). Chao cannot assert an ineffective assistance claim regarding his representation following the issuance of the remittitur because his right to counsel for his direct appeal expired with that appeal and his certiorari petition before the United States Supreme Court was a discretionary appeal for which he had no right to counsel and therefore no corresponding entitlement to effective assistance. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Moore v. Cockrell*, 313 F.3d 880, 882

(5th Cir. 2002) ("The constitutionally secured right to counsel ends when the decision by the appellate court is entered."); *Brown v. McDaniel*, 130 Nev., Adv. Op. 60, 331 P.3d 867, 870 (2014). Mere attorney error not constituting ineffective assistance is not good cause. *Crump v. Warden*, 113 Nev. 293, 304, 934 P.2d 247, 253 (1997). As Chao failed to show good cause to excuse his untimely petition, we conclude that Chao's petition is procedurally barred and should have been dismissed, as the application of the procedural bar is mandatory. *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005). Thus, the district court erred in reaching the merits of the petition. As the district court nevertheless denied Chao's petition on the merits, we affirm its disposition. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").[1]

Even if Chao had shown good cause, he must show actual prejudice as well. Actual prejudice requires a petitioner to show error that caused him an actual and substantial disadvantage. *Hogan v. Warden*, 109 Nev. 952, 960, 860 P.2d 710, 716 (1993). Chao argued that trial and appellate counsel provided ineffective assistance, asserting nine such claims. We address the merits of these claims only to review whether Chao has demonstrated actual prejudice. To establish ineffective assistance of counsel, Chao must show that counsel's performance was

---

[1]We reject as contrary to well-established case law Chao's request to adopt equitable tolling. *See Brown*, 130 Nev., Adv. Op. 60, 331 P.3d at 872.

SUPREME COURT
OF
NEVADA

(O) 1947A

deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690.

Chao argues that trial and appellate counsel should have challenged the medical examiner's testimony concerning victim Donald Idiens' autopsy as a Confrontation Clause violation. The medical examiner gave her independent expert opinion based on the autopsy report and crime scene photographs and did not violate the Confrontation Clause because her judgment and methods were subject to cross-examination. *See Vega v. State*, 126 Nev. 332, 340, 236 P.3d 632, 638 (2010). As a Confrontation Clause claim would have failed, trial and appellate counsel were not deficient in failing to raise this futile claim. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). To the extent that the medical examiner recited the autopsy report's findings regarding rigor and livor mortis, she explained that such findings are imprecise and cannot support a reliable determination as to time of death.

As a precise time of death was not material to the State's case and the medical examiner rejected the idea that conclusions could be reliably drawn from the limited autopsy report findings that she recited, any error was harmless beyond a reasonable doubt. *See Medina v. State*, 122 Nev. 346, 355, 143 P.3d 471, 476-77 (2006). As any error was harmless, Chao has also failed to show that this claim would have led to a reasonable probability of a different outcome.

Chao next argues that trial counsel should have interviewed witness Prascak before trial. The district court held that Chao had not shown deficient performance or prejudice because Chao did not show that Prascak would have spoken with trial counsel, who thoroughly cross-examined Prascak and objected to his testimony. As Chao has not shown that the district court's findings are not entitled to deference and witnesses are not required to speak with defense counsel, *see Davis v. State*, 110 Nev. 1107, 1120, 881 P.2d 657, 665 (1994), we conclude that Chao has failed to show that counsel was deficient. Further, Chao fails to show prejudice because he has failed to show what additional preparation would have revealed or how it would have led to a different outcome. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004).

Chao next argues that trial counsel should have sent the gloves to an expert for retesting for DNA evidence. Chao has failed to show that counsel was deficient in declining to retest the gloves when the available test results showed that the gloves were too degraded to provide measurable DNA evidence and has failed to show prejudice when no evidence beyond mere speculation connected the gloves to Idiens' murder.

Chao next argues that trial counsel should have called his independent medical expert to testify. The district court found that

counsel made a strategic decision not to call the defense medical expert and that prejudice was not shown because time of death was not at issue. Decisions regarding what witnesses to call are tactical decisions that rest with counsel, *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002), and counsel's tactical decisions are virtually unchallengeable, *Lara v. State*, 120 Nev. 177, 180, 87 P.3d 528, 530 (2004). Chao has not shown that the district court's findings are not entitled to deference or that counsel's tactical decision was not objectively reasonable.

Chao next argues that appellate counsel should have argued that the State shifted the burden of proof in asking the investigating detective when Chao offered to provide a DNA sample. As the State's questions served to clarify the sequence of events and did not suggest that Chao had a duty to produce any evidence, we conclude that an appellate challenge to this testimony would have failed and therefore counsel was not ineffective.

Chao next argues that trial and appellate counsel should have objected to unrecorded bench conferences. At the time of trial, the district court was not required to make a record of all bench conferences. *See Daniel v. State*, 119 Nev. 498, 507-08, 78 P.3d 890, 897 (2003). Chao's reliance on *Preciado v. State*, 130 Nev., Adv. Op. 6, 318 P.3d 176 (2014), is misplaced, as that case was not decided until 7 years after his trial. Accordingly, trial and appellate counsel were not deficient in failing to assert a rule that did not then apply. And Chao has failed to show prejudice because he has not shown that the unrecorded bench conferences inhibit this court's meaningful review of the errors he alleges. *See Preciado*, 130 Nev., Adv. Op. 6, 318 P.3d at 178.

 

Chao next argues that appellate counsel should have objected to jury instructions on implied malice, premeditation, and equal and exact justice. As this court has held the language used in the implied-malice instruction, *see Leonard v. State*, 117 Nev. 53, 78-79, 17 P.3d 397, 413 (2001), the premeditation instruction, *see Evans v. State*, 112 Nev. 1172, 1191-92 & n.21, 926 P.2d 265, 278 & n.21 (1996), and the equal-and-exact-justice instruction, *see Leonard v. State*, 114 Nev. 1196, 1209, 969 P.2d 288, 296 (1998), is not improper, we conclude that Chao has failed to show that appellate counsel was ineffective in failing to raise these futile challenges.

Chao next argues that the district court erroneously denied the claims raised in his pro se petition. Chao does not provide cogent argument or authority supporting this contention, and we decline to address it. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Lastly, Chao argues that cumulative error compels relief. Even assuming that instances of deficient performance may be cumulated, *McConnell v. State*, 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), Chao has failed to identify any such instance beyond the failure to stay the remittitur, for which relief is not warranted. As Chao has failed to show that any of his habeas claims have merit, we conclude that he has failed to meet the prejudice prong to excuse the procedural bar and that the district court did not err in denying the petition.

Chao argues that the court could excuse his failure to show good cause because he is actually innocent. *See Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). He asserts his actual innocence on the bases that (1) one of the State's forensic scientists was later fired for misconduct unrelated to his case, (2) evidence was purportedly mislabeled

SUPREME COURT
OF
NEVADA

(O) 1947A

as to its location, and (3) a third-party lab technician was disciplined in connection with testing a pair of gloves. The record shows the following. First, an audit of the forensic scientist's work revealed no major errors, and Chao has not shown that her work in his case was in any way deficient. Second, the district court found that the relevant affidavit misstated that the evidence of Idiens' blood was not taken from Chao's hotel room and was later corrected by the affiant, and Chao has not shown that this finding is not entitled to deference, particularly as numerous witnesses testified that this evidence came from his room. And third, the gloves were found several days later in a part of the hotel far from the crime scene, no witness testified that they were related to Idiens' murder, and thus their relevance was mere speculation. Accordingly, Chao has failed to show that it was more likely than not that no reasonable juror would have convicted him and thus has failed to show that actual innocence excuses the good-cause requirement. *See id.*

Having considered Chao's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Douglas

_____, J.          _____, J.
Gibbons                                              Pickering

cc:     Hon. William D. Kephart, District Judge
        Christopher R. Oram
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk

